*488
 
 Ruffin, C. J.
 

 The question arises upon an Act of 3 844, Ch. 12. It enacts that it shail not be lawful for the courts of Pleas and Quarter Sessions for Buncombe, and other ennumerated Counties, to try any causes, where a jury may be necessary nor to summon a jury to attend the courts. It further provides that all suits in those counties, whether civil or criminal, shall originate in the Superior Courts, and all appeals from justices of the peace in civil cases, and all recognizances by them taken in criminal cases, shall be returned to the Superior Court; and that when a will is brought into the County Court, for probate and is contested, a- transcript of the proceedings, together with the original will, shall be sent to the Superior Court and the issue to .be tried there; and that a certificate of the decisions and the will shall be remitted to the County Court and there recorded as evidenoe of the probate of the will or its rejection. A similar provision is made as to caveats of entries of land. Taking the Act of 1844 in connection with the general laws regulating the local police, as administed in the County Courts, and particularly with the bastardy act, it seems to the court, that, in the state in which this case was in the County Court, the jurisdiction of that court over it is not ousted. By the general act Rev. St. Ch. 12, the County Court is the tribunal to make the orders for the allowances necessary for the maintainance of a bastard child, and taking bond and security for the performance of the orders and indemnifying the County from charge therefor. It is true, an issue is allowed to the person charged, and an appeal is given to either side. But it has been the uniform course in eases of that kind, as in those of contested wills and road cases, after a decision in the Superior Court, to remit the cause with a certificate of the decision and directions to .the County Court, to carry it into effect. That is obviously the more convenient ^nd proper method of proceeding in all those cases, and in construing the act of 1844, it must be assumed, that
 
 *489
 
 this couse was understood by the Legislature. These observations being premised, it seems to follow that the jurisdiction of a bastardy case remains exclusively in the County Courts, mentioned in that act, until the party charged deny that he is the father and an issue be made up, whether he be or not. In the first place it is to be remarked, that when cases are to go immediately to the Superior Court, the provision is made in explicit terms ; and that this case does not fail within the words which transfer the jurisdiction to the Superior Courts. It is not an appeal from a justice of the peace, nor is it a civil suit that can originate in the Superior Court, nor as was stated in the
 
 State
 
 v.
 
 Carson,
 
 2 Dev. and Bat. 368, is it a criminal case, but only a matter of police. Then, as no jurisdiction of this subject is directly conferred on the Superior Court, and, as far as the powers loft to that Court, can extend, it must be exclusively exercised there. But it is said, as the defendant has a right to an issue, to be tried by a jury, and astthe County Court, by the expressed words of the act, cannot have a jury, that Court at all events cannot retain the jurisdiction of this subject. That inference, however, is inadmissible, if any other construction be possible, because we have already seen, that the words of the act give no jurisdiction to the Superior Court, and, then, the effect would be, that neither Court could take cognizance of the case. But the duty of the Court is to receive the act in such a sense as will leave some Court open to the citizen in this, as in other cases, and to mould the proceedings in such a way as will ordinarily afford the most direct and cheapest remedy to both the public and the accused. Now, the difficulty suggested, in respect of the trial of an issne, can only arise when the party asks for one. If therefore, this party had been sent up to the Superior Court, instead of the County Court, what end would it have answered ? None, whatever, but the idle one of his being immediately sent down to the inferior Court, in order there to have the proper
 
 *490
 
 bastardy orders passed and bonds taken. It would be simply a case of doing and undoing to no purpose. It is much better, that the case should go to the County Court in the first instance for the proper orders and bond, because there every thing, that is necessary can be done, unless the accused should interpose an application for an issue, and even then, those orders, must ultimately be made there. Until an issue, there is not a case to be tried by a jury. But it is asked, what is to be done, if the party tender an issue. It would be sufficient to say that it is not necessary to determine that point, as it has -not arisen in this case. But as it has a bearing on the interpretation of the act, it seems proper to consider it. It may be admitted that, perhaps, it would have been better in that event, if the act had expressly provided for transmitting the case for trial in the Superior Court on a transcript from the County Court, as is done in respect of caveats of wills and entries. But thé omission of a clause of that kind ought not to defeat the accused of his right to deny that he is the father of the child, nor defeat the County of the right to have the issue tried some where, so that if found against the party, he may be compelled to maintain his own offspring. No doubt, the issue cannot be tried in the County Court, because the power of trying a jury cause is expressly prohibited to that Court; then it can only be tried in the Superior Court; and, as the statute provides no method for taking the case into that Court, it is only by the common law writ of
 
 certio-rari,
 
 that it can be done, and,
 
 ex necesítale,
 
 it must be done in that way. At common law not only convictions are
 
 re-examined
 
 on that writ, but causes pending in inferior Courts are brought up to higher courts for trial, in order that there may be more sure and speedy justice. Bac. Abr.
 
 certiorari, A.2
 
 Hale P. C. 210, 4 B. Com. 320. This latter use of the writ has not prevailed in this State, because our law has provided the different method
 
 *491
 
 of appeal for obtaining a trial on the merits in the Superior Court.
 
 Street
 
 and
 
 Clark,
 
 Tay. Rep. 15. But it has been frequently used here, whenever requiste to prevent the failure of justice, as in cases of persons affected in interest by ex parte proceedings.
 
 Perry
 
 v.
 
 Perry,
 
 91 Ca. T. R. 184, or in other cases, where an appeal lies.
 
 Brooks
 
 v.
 
 Morgan,
 
 5 Ired. 481, and while at common law
 
 certio-rari
 
 laid in every.case, (in which it is not expressly taken away) in order to prevent a partial and insufficient trial, and may be applied for by either the sovereign or the defendant, it cannot but be, that it must be extended here to a case like this, in which there cannot be a trial at all by any other means.
 

 Judgment affirmed; and this will be certified to the Superior Court, that a
 
 procedendo
 
 may issue thence to the County Court.
 

 Pee Cukiam. Ordered accordingly.